IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Civil No. 05-2000 |
| | * | Criminal No. 94-0454 |
| **MARSTON EDWARD BLUE** | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

I.

Following a lengthy trial, a jury found Marston Edward Blue guilty of conspiracy to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846 (1994), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994), using and carrying a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1994), and possession of heroin with intent to distribute in violation of 21 U.S.C. § 841 (1994). *See United States v. Gibson*, 197 F.3d 631, 199 WL 543220 (4th Cir. 1999) (unpublished). In the wake of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court vacated Blue's sentence and remanded for resentencing. *Blue v. United States*, 531 U.S. 801 (2000). After lengthy additional proceedings in the Fourth Circuit and this Court, Blue was resentenced on November 25, 2002 to life without parole in connection with conspiracy to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846, fifteen years (concurrent) in connection with being a felon in possession of a firearm in violation of 18 U.S.C. § (g)(1), and life without parole in connection with possession with intent to distribute heroin, aiding and abetting, in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2.

The Fourth Circuit affirmed. *United States v. Gibson*, 85 F. App'x. 905 (4th Cir. 2004). On June 1, 2004, the Supreme Court denied Blue's certiorari petition (*Gibson v. United States*, 541 U.S. 1081 (2004)) and on August 2, 2004, denied his petition for rehearing (*Gibson v. United States*, 542 US 958 (2004)).

Blue's present Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 is signed and dated June 2, 2005. The Government has filed a Motion to Dismiss arguing that the Motion to Vacate is time-barred because it was filed more than one year after Blue's conviction became final when the Supreme Court denied his petition for a writ of certiorari.

On August 23, 2005, this Court issued an Order allowing Blue to supplement his Motion to Vacate with various arguments borrowed from his co-defendant Bernard Gibson's Motion to Vacate. *See Gibson v. United States*, Criminal No. PJM 94-454, Paper No. 1111 (D. Md. filed May 25, 2005). The Government has requested that the Court reconsider its Order and defer any decision to require an answer to Blue's Motion until it resolves the preliminary question of whether the Motion is time-barred. Blue has responded[1] that his § 2255 Motion is not time barred, because the Supreme Court denied his petition for rehearing on August 2, 2004, i.e. less than a year before he filed his Motion to Vacate.

---

[1] The Fourth Circuit requires that when the statute of limitations issue is raised as a bar to a habeas action, either by the Government or by a court *sua sponte*, the petitioner should be afforded an opportunity to respond before the case is dismissed. *See Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002) (holding that a court can *sua sponte* raise the issue that a habeas corpus petition under § 2254 is time-barred but cannot then dismiss the petition without affording the petitioner an opportunity to respond to the court's concerns); *United States v. Sosa*, 364 F.3d 507, 510 n.4 (4th Cir. 2004) (applying *Hill* to § 2255 actions). Blue has had the opportunity to respond to the substance of the Government's Motion to Dismiss albeit in the context of his response to the Government's request for reconsideration of the Court's August 23, 2005 Order.

II.

Section 2255 provides for a one-year statute of limitations which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Since Blue has not claimed an impediment to filing, asserted a new right, or discovered new facts, the operative date when the limitations clock began to run is the date on which Blue's conviction became final.

The Court concludes that Blue's conviction became final on June 1, 2004, the date on which the Supreme Court denied his certiorari petition and not on August 2, 2004, the date on which the Court denied his petition for rehearing. *See United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001) ("[A]bsent the issuance of a suspension order by the Court or a Justice thereof, as contemplated by Rule 16.3, the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in §§ 2255P6 (1) when the Supreme Court denies certiorari after a prisoner's direct appeal."). Since the Supreme Court issued no suspension order and since the Fourth Circuit has explicitly rejected the argument that a conviction becomes final on the date the Supreme Court denies rehearing (*See Id.*), Blue had only until June 1, 2005 to file his Motion to Vacate. *See* Fed. R. Civ. Pro 6(a) ("In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of

court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

Blue signed his Motion to Vacate on June 2, 2005. Even assuming that he deposited his Motion with prison officials for mailing on that same day (*See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's legal materials are deemed filed on the date they are deposited with prison officials for mailing)), the Motion still came a day late. This Court, as any District Court, is constrained to strictly adhere to the one year statute of limitations set forth in section 2255. "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Since Blue's Motion raises no issue of equitable tolling, the Court is obliged to conclude that his Motion to Vacate, while filed only one day late, is nonetheless time-barred.

III.

For all of the foregoing reasons, the Court DISMISSES Blue's Motion to Vacate.

A separate ORDER accompanies this Memorandum Opinion.

/s/
PETER J. MESSITTE
March 8, 2007                    UNITED STATES DISTRICT JUDGE