IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CRIMINAL NO. PJM 94-0454 |
| v. | * | CIVIL NO. PJM 05-2000 |
| MARSTON EDWARD BLUE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Marston Edward Blue has filed a *pro se* Motion to Correct an Error of the Record pursuant to Federal Rule of Criminal Procedure 36. For the reasons set forth below, the Court DENIES the Motion.

**I.**

Blue was convicted on December 4, 1995 of conspiracy to possess with intent to distribute and distribution of Heroin in violation of 21 U.S.C. §846, Forfeiture Allegations in violation of 21 U.S.C. §843, being a Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g)(1), and Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §841(a)(1) & 18 U.S.C. §2. Blue was sentenced to a mandatory life sentence for the conspiracy count, and a concurrent life sentence for the possession with intent to distribute heroin count.

On appeal, all of Blue's convictions and sentences were affirmed. However, the United States Supreme Court vacated and remanded the judgment to the Court of Appeals for the Fourth Circuit in light of the decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). On September 6, 2001, the Court of Appeals for the Fourth Circuit vacated Blue's life sentences and remanded to the District Court of Maryland for resentencing to terms of imprisonment not to exceed the thirty-year statutory maximum in 841(b)(1)(c).

After the remand but before resentencing, the United States Supreme Court decided *United States v. Cotton*, 535 U.S. 625 (2002). In that case, the Supreme Court held that an error that would make an enhanced sentence erroneous under *Apprendi* need not necessarily result in a remand of the sentence if overwhelming and essentially uncontroverted evidence of the sentence-enhancing element of the crime existed. *Id.* at 633. Accordingly, Blue's sentence depended on whether the Fourth Circuit found *Cotton* to be applicable to this case. If *Cotton* applied, the Fourth Circuit's remand of Blue's life sentence could be superseded by *Cotton* if overwhelming and essentially uncontested evidence of the quantity of drugs Blue possessed existed; if *Cotton* did not apply, the Fourth Circuit's 30 year sentencing mandate would prevail. After weighing the evidence, the Court determined that seizures and cooperators' testimony raised "overwhelming and essentially uncontroverted" evidence that the quantity of drugs possessed by Blue met the statutory threshold for an enhanced sentence. Therefore, on November 25, 2002, this Court sentenced Blue to imprisonment for a total term of "life without parole as to Count 1; Count 7- 15 years to run concurrent to Count 1; Count 9- life without parole. But if the Court of Appeals should determine that the maximum possible sentence for Count 1 is 30 years, then 30 years as to Count 1, 15 years concurrent as to Count 7 and 30 years consecutive as to Count 9."

## II.

In the instant Motion Blue alleges that this Court pronounced a sentence of thirty years during his sentencing on November 25, 2002, in accordance with a mandate from the Court of Appeals for the Fourth Circuit. Blue also alleges that this sentence materially differs from the life sentence imposed in the written judgment and commitment order, and as such the oral pronouncement constitutes the correct sentence.

Contrary to Blue's assertion, the sentence finally pronounced on November 25, 2002,

does not differ from the written judgment and commitment order.  It is true that during the re-sentencing hearing the Court discussed the possibility of sentencing Blue to 30 years in light of the uncertainty regarding the applicability of *Cotton*.  However, the Court noted shortly thereafter that "I haven't imposed sentencing yet."  Transcript of Resentencing, 94.  When the Court ultimately pronounced judgment, the first order of finding was that Blue "would be subject to the mandatory life terms." *Id.* at 111-12.  The Court also found that "a life sentence with regard to the conspiracy count as to both defendants [Blue and his co-Defendant] would be appropriate." *Id.* at 112.

In stark contrast to Blue's contention, the Court explicitly noted that, "[t]he alternative that may be the one that the Fourth Circuit ultimately will require, *but would not be this Court's first determination,* would be to sentence the defendants on the conspiracy count to a term of imprisonment not to exceed the 30-year statutory maximum as set forth in 841(b)(1)(C).  Indeed, that may be where the Fourth Circuit comes out in time.  I don't know, but I think not." *Id.* (emphasis added).  Finally, the Court noted that "[i]f the Court is calling this correctly with regard to its first inclination, it would impose a life sentence without parole as to Count 1 and a concurrent life sentence without parole as to Count 9.  If, however, the Court of Appeals determines that this Court is bound by the 30-year maximum, then the Court's sentence, and I guess it ends up being like a same alternative sentence, as to Count 9 would be . . . 30 years consecutive." *Id.* at 116-17.

The written judgment imposed "life without parole as to Count 1; Count 7- 15 years to run concurrent to Count 1; Count 9- life without parole.  But if *the Court of Appeals should determine* that the maximum possible sentence for Count 1 is 30 years, then 30 years as to Count 1, 15 years concurrent as to Count 7 and 30 years consecutive as to Count 9." (emphasis added).  Blue's contention that the Court orally imposed a 30 year sentence at the

resentencing hearing on November 25, 2002, is factually incorrect, as is his claim that the written sentence materially differs from the oral ruling.

### III.

Blue also alleges that the ten-year period of supervised release, and the guilty finding for criminal forfeiture and aiding and abetting noted in the judgment and commitment order, cannot be imposed because they were not mentioned at the oral sentencing. This contention is without merit as well.

At resentencing, this Court noted that the Court of Appeals vacated Blue's "mandatory life sentence[] on the conspiracy count and his concurrent life sentence on the possession count and remand for sentencing, with instructions to sentence Blue [and his co-Defendant] to a term of imprisonment not to exceed the 30-year statutory maximum in 841(b)(1)(C). *Otherwise affirmed.*" T. 76-77 (emphasis added); *see also United States v. Marston Edward Blue,* No. 96-4459 (4th Cir. Sept. 6, 2001). This Court also noted that it had "sentenced Gibson and Blue to mandatory lift sentences on the conspiracy count. *Blue also received some other sentences that are not an issue anymore.*" T. 75 (emphasis added). The court further stated that "I don't need to revisit the forfeiture orders. They would stand as they were earlier." *Id.* at 113.

The only issue remanded by the Court of Appeals for the Fourth Circuit for resentencing Blue was the life sentence on the conspiracy count and the concurrent life sentence on the possession count. The ten-year period of supervised release, conviction for forfeiture, and conviction for aiding and betting all appear in the original judgment and commitment order dated May 24, 1996, and were otherwise affirmed by the Court of Appeals for the Fourth Circuit. *See United States v. Allen,* No. 99-1264 (10th Cir. 1999) (unpublished opinion) (affirming the denial of a defendant's motion pursuant to Federal Rule

of Criminal Procedure 36, where the defendant alleged that the supervised release ordered in his original sentencing should be vacated because it was never mentioned during resentencing ).

**IV.**

For all the foregoing reasons, Blue's Motion to Correct an Error of the Record pursuant to Federal Rule of Criminal Procedure 36 is DENIED.

A separate Order will issue.

/s/
PETER J. MESSITTE
June 11, 2007                UNITED STATES DISTRICT JUDGE